Case 1:23-cr-00254-GLR   Document 13   Filed 08/31/23   Page 1 of 13

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

4:22 pm, Aug 31 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy



**U.S. Department of Justice**

*Tax Division*
*Northern Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*
*Washington, D.C. 20044*

---

| | | | |
|---|---|---|---|
| Thomas F. Koelbl<br>Trial Attorney<br>Thomas.F.Koelbl@usdoj.gov | Mailing Address:<br>150 M Street NE<br>Washington, D.C. 20002 | Government Location:<br>P.O. Box 972 Ben Franklin Stn.<br>Washington, D.C. 20044 | DIRECT: 202-514-5891<br>MAIN: 202-514-2901<br>FAX: 202-616-1786 |

March 3, 2023

By E-mail:

Eli Noff, Esq.
Frost Law
839 Bestgate Rd., Ste. 400
Annapolis, MD 21401
Eli.Noff@frosttaxlaw.com

    Re:    Susan Patrick    *GLR 23-254*

Dear Mr. Noff:

    This letter, together with the Sealed Supplement, confirms the plea agreement (hereinafter, "Agreement") which has been offered to Susan Patrick, (hereinafter "the Defendant") by the Department of Justice, Tax Division (hereinafter, "Government"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by **March 6, 2023**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to plead guilty to Count One of an Information charging her with willfully subscribing to a false tax return, in violation of Title 26, United States Code, Section 7206(1), for the tax year 2013. The Defendant admits that she is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows: (1) The Defendant made and subscribed a return, statement, or other document which was false as to a material matter; (2) the return, statement, or other document contained a written declaration that it was made under the penalties of perjury; (3) the Defendant did not

believe the return, statement, or other document to be true and correct as to every material matter; and (4) the Defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law. 26 U.S.C. § 7206(1).

## Penalties

3.   The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: three years of imprisonment, one year of supervised release, a fine of up to $250,000, or a fine twice the gross pecuniary gain or gross pecuniary loss, and the cost of prosecution. 26 U.S.C. § 7206(1); 18 U.S.C. § 3571 (general fine statute). In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  The Court may also order her to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked – even on the last day of the term – and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.   The Defendant understands that by entering into this Agreement she surrenders certain rights as outlined below:

   a.   If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

   b.   If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.   If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever.

If the Defendant wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

      e.      If the Defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case. Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if she is not a citizen of the United States, pleading guilty may have consequences with respect to her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that she wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act,

as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. The Government and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which the Government would prove beyond a reasonable doubt, and to the following sentencing guidelines factors:

    a. The base offense level is **22**, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") (amendments effective November 1, 2018) §§ 2T1.1 and 2T4.1 (I) (Tax Table), because the tax loss was more than $1,500,000 and not more than $3,500,000.

    b. The Government does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of her intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this Agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty. If the Defendant obtains a 3-level reduction, the final offense level thus is **19**.

7. The Defendant understands that there is no agreement as to her criminal history or criminal history category, except as set forth in this Agreement, and that her criminal history could alter her offense level if she is a Career Offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of her income.

8. The Government and the Defendant agree that with respect to the calculation of criminal history and the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

9. At the time of sentencing, the Government and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). The Government and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that the Government or the Defendant deem relevant to sentencing.

Restitution and Civil Tax Assessment

10. The Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $2,536,524.00, pursuant to 18 U.S.C. § 3663(a)(3).

11. The Defendant agrees that the total amount of restitution reflected in this Agreement results from the Defendant's fraudulent conduct.

12. The total amount of restitution consists of the following:

| Tax Years (Forms 1040) | Amount to Be Credited to Tax |
|---|---|
| 2012 | $637,450.00 |
| 2013 | $1,480,073.00 |
| 2014 | $267,745.00 |
| 2015 | $151,256.00 |
| Total: | $2,536,524.00 |

The Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

13. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

14. The Defendant is entitled to receive credit for restitution paid pursuant to this Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The restitution is based on marital income for the 2012 through 2015 tax years, and the Defendant and her spouse are both entitled to receive credit for any payments made by either of them toward those civil tax liabilities for the tax years covered by this agreement. The Defendant understands and agrees that the Agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the Defendant relating to the conduct covered by this Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

15. The Defendant understands that she is not entitled to receive credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The Defendant also agrees to provide the above-described information to the probation office.

16. If the Defendant makes a payment of the restitution agreed to in paragraph 12 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 12.

17. The Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

Clerk of the Court, District of Maryland
Attn: Fourth Floor, Clerk's Office
101 W. Lombard St.
Baltimore, MD 21201

18. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

    a. The Defendant's name and Social Security Number;

    b. The District Court and the docket number assigned to the case;

    c. Tax year(s) or period(s) for which restitution has been ordered; and

    d. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The Defendant agrees to include a request that the Clerk of Court send the information, along with the Defendant's payments, to the IRS address below:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

19. The Defendant also agrees to send a notice of any payments made pursuant to this Agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

### Further Prosecution

20. Under the terms of this Agreement and in view of the Defendant's plea to the one-count Information in violation of Title 26, United States Code, Section 7206(1) for tax year 2013; the Government agrees not to prosecute the Defendant further for tax offenses arising from the Defendant's individual income taxes or from Patrick Communication LLC's corporate taxes for the calendar years 2012 through 2015.

### Waiver of Statute of Limitations

21. The Defendant agrees to waive any claim or challenge based on the statute of limitations for the conduct covered by this Agreement, as described in the attached Statement of Facts (Attachment A) and elsewhere in this Agreement, for tax years 2012, 2013, 2014, and 2015.

### Consequences of Breach

22. If the Defendant violates or fails to perform any obligations under this Agreement ("a breach"), including withdrawing her guilty plea or withdrawing from this Agreement, the Government will be released from its obligations hereunder and may fully prosecute the Defendant on all criminal charges that can be brought against her. The Defendant agrees that with respect to such a prosecution, the admissions set forth in this Agreement and the attached Statement of Facts (Attachment A) may be admitted into evidence before the grand jury and in any subsequent legal proceeding, including a trial. The Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements are inadmissible.

## Waiver of Appeal

23. In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and the Government knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release);

    c. Nothing in this Agreement shall be construed to prevent the Defendant or the Government from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error;

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency;

    e. The Defendant agrees that with respect to any and all dismissed charges she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617. P.L. 105-119 (Nov 26, 1997), and will not file any claim under that law.

## Obstruction or Other Violations of Law

24. The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this Agreement and her sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this Agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this Agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this Agreement, and it will also be free to make sentencing recommendations other than those set out in this Agreement. As with any alleged breach of this Agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to

acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that she may not withdraw her guilty plea because this Office is relieved of its obligations under the Agreement pursuant to this paragraph.

## Court Not a Party

25. The Defendant expressly understands that the Court is not a party to this Agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this Agreement. The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

26. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Sincerely,

Jason H. Poole
Department of Justice, Tax Division
Chief, Northern Criminal Enforcement Section

By: _____
Thomas F. Koelbl
Matthew L. Cofer
Department of Justice, Tax Division

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_3-3-23_  
Date

_Susan K. Patrick_ (signature)  
Susan Patrick

I am Susan Patrick's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement, with her. She advises me that she understands and accepts its terms. To my knowledge, her decision to enter into this Agreement is informed and voluntary.

_3-6-2023_  
Date

_Eli Noff_ (signature)  
Eli Noff, Esq.

## ATTACHMENT A
## STATEMENT OF FACTS: SUSAN PATRICK

*The United States and the Defendant agree that if this case proceeded to trial, the United States would prove the following facts below beyond a reasonable doubt. The parties agree that these are not all of the facts that would have been proved if this case proceeded to trial.*

The Defendant, Susan Patrick, along with her husband, co-owned a media brokerage firm called Patrick Communications, LLC. For each tax year 2012 through 2014, the Defendant hired an accounting firm to prepare a Form 1065 for Patrick Communications and a Form 1040 for the Defendant and her husband. Each year, the accounting firm prepared the forms and sent them to the Defendant with instructions to file the forms with the Internal Revenue Service ("IRS"). But while the Defendant received these completed forms each year, she did not file them with the IRS.

In approximately June 2016, the IRS opened a collections case related to unfiled employment tax returns for Patrick Communications. During that collections case, the IRS determined that the Defendant had not filed corporate tax returns for Patrick Communications or individual returns for the Defendant and her husband, for tax years 2012 through 2014. Therefore, the IRS requested that she file these returns. In response, the Defendant lied to the IRS, falsely claiming that her accountants had timely filed the returns in question. She also stated that she would provide the IRS with copies of those returns.

In approximately August 2016, the Defendant mailed to the IRS completed Forms 1065 and Forms 1040 for each year in question. But these forms were not the tax returns that had been prepared by the Defendant's accounting firm. Instead of providing those accurate returns, the Defendant doctored the tax returns prepared by her accountants to conceal income. She falsely reduced the gross receipts reported on each Form 1065 for Patrick Communications, and falsely reduced the total income reported on each Form 1040. On the Forms 1065 that she filed with the IRS, she removed $10,000,000 in gross receipts earned by Patrick Communications. On the Forms 1040 she filed, she removed over $9,500,000 in income that the Defendant and her husband had earned from 2012 through 2014. In addition, the Defendant falsely backdated her signature on each tax return to make it appear as if the returns had been timely signed.

Furthermore, the Defendant's accountants prepared a Form 1065 for Patrick Communications and a Form 1040 for the Defendant and her husband, for tax year 2015. The Defendant never filed these returns or paid the tax due and owing on the individual return.

The Defendant committed all of these acts while knowing that she had a duty to file complete and accurate tax returns for her company and for herself as an individual and knowing that she had a duty to pay the taxes due and owing on income she earned in all of

the years at issue. Further, she committed these acts in order to evade paying the full amount of taxes she owed each year, and in fact ultimately evaded payment on an amount of tax due and owing of approximately $2,536,524.

The Defendant undertook all these actions willfully, within the District of Maryland and elsewhere.

\*\*\*

I have read this statement of facts, and have carefully reviewed it with my attorney. I acknowledge that it is true and correct. I further acknowledge this statement of facts does not set forth each and every fact that the Government could prove at trial, nor does it encompass all of the acts which I committed in furtherance of the offenses to which I plead guilty.

8-3-23
Date

Susan Patrick

13