THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO. 1:23-CR-254-GLR |
| | * | |
| SUSAN K. PATRICK, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

*******

## GOVERNMENT'S MOTION TO RECONSIDER

On December 5, 2023, the Defendant filed a motion to seal the entirety of her sentencing memorandum. ECF No. 28. The Defendant did not confer with the Government before filing her motion. On December 6, 2023, the Court granted the Defendant's motion. ECF No. 30.[1] Respectfully, for the reasons stated herein, the Government moves the Court to reconsider its order granting the Defendant's motion to seal her sentencing memorandum and instead deny the Defendant's motion without prejudice.[2] Alternatively, the Government moves to unseal the Defendant's sentencing memorandum.

---

[1] The Government was in the process of finalizing a response in opposition to the Defendant's motion when the Court entered its order.

[2] After the defense filed its motion but before the Court entered its order granting the motion, the Government conferred with defense counsel about the matter. Defense counsel proposed submitting a redacted version of the sentencing memorandum. Without having the opportunity to review a concrete proposal, the Government takes no position at this time on whether certain redactions would be legally permissible. But the Government does not oppose affording the defense an opportunity to refile its motion to seal with alternative proposals or to reply to the Government's arguments herein.

I. **Legal Background**

A. **Motions to Reconsider**

Although motions to reconsider are not expressly provided for by the Federal Rules of Criminal Procedure, the Fourth Circuit has recognized that motions to reconsider interlocutory orders issued before final judgement are appropriate in criminal cases. *See United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985). "In addressing such motions, courts, by analogy, are guided by the standards established by the civil rules." *United States v. Green*, 2012 WL 12895651 at *1 (W.D.N.C. Dec. 14, 2012); *see also Parkins by and through Turner v. South Carolina*, 2022 WL 19333417 at *1-2 (D.S.C. Apr 5, 2022) (discussing the civil standards that apply to motions for reconsideration of interlocutory orders).

B. **Motions to Seal Sentencing Memoranda**

Sentencings are public proceedings, and the public has a common law right of presumptive access to sentencing memoranda and supporting exhibits. *United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018); *United States v. Kravetz*, 706 F.3d 47, 56-57 (1st Cir. 2013). As explained by the First Circuit:

> Public access to sentencing memoranda is consonant with the values animating the common law right. "Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." The presence of such oversight serves several values when a court is called upon to exercise its discretion to impose a criminal sentence. Public access in this context may serve to "check any temptation that might be felt by either the prosecutor or the court . . . to seek or impose an arbitrary or disproportionate sentence," promote accurate fact-finding, and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced.

*Kravetz*, 706 F.3d at 56-57 (citations omitted).

Before sealing any portion of a sentencing memorandum—let alone the entire document—courts must engage in a balancing test to determine whether "the public's right of

access is outweighed by competing interests." *Harris*, 890 F.3d at 492. "In making the decision, the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *Id.* (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)); *see also United States v. Big Leggins*, 375 F. App'x 692, 692 (9th Cir. 2010) ("'In this circuit, we start with a strong presumption in favor of access to court records.' A party seeking to overcome that presumption 'must "articulate [ ] compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure [.]'" (citations omitted)). For example, in *Harris*, the Fourth Circuit held that it was appropriate to redact the names and photographs of the defendant's wife and child in order to protect their privacy and well-being, especially given that the defendant was a cooperator who had been convicted of a serious drug conspiracy. 390 F.3d at 492.

Crucially, the court in *Harris* explained that the redactions did not undermine "any of the public interest in access to the judicial process, as such information *is not material to understanding Harris's case*." *Id.* (emphasis added). The principle, as explained by Chief Judge Reidinger in the Western District of North Carolina, is that "the more significant the information to any relief a defendant seeks, the less likely it should be placed in the record under seal." *United States v. Larch*, 2020 WL 3490078 at *1 (W.D.N.C. June 26, 2020) (citing *Harris*, 890 F.3d at 492). In *Larch*, the defendant sought to seal his sentencing memorandum because it contained information regarding his "adult relationships," as well as mental health information and other detailed personal disclosures. *Id*. With respect to the "adult relationships," the court explained that the nature of these relationships were "central to the Defendant's arguments for leniency," and held that "the public's right to know the bases for the

3

actions of this Court outweigh any privacy interest of the Defendant and the other involved adult persons." *Id.* For the same reason, the court also held that the mental health information and other detailed personal disclosures must remain public." *Id.*; *see also, e.g.*, *United States v. Washington*, 2017 WL 2457149 at *1 (D. Id. June 6, 2017) (rejecting a defendant's motion to seal his entire sentencing memorandum based on general assertions that it contained confidential personal information detailing substance abuse history and a history of abuse).

In sum, "[a] public sentencing is not a private matter," *United States v. Kilmartin*, 2018 WL 1702403 at *1 (D. Me. Apr. 6, 2018), and the public's right of access to the proceeding and its materials should be restricted only under compelling circumstances.

**II.   Discussion**

In her motion to seal her entire sentencing memorandum, the Defendant asserts that the memorandum contains "personal and historical medical information" and that the "sensitive information" is "interwoven through the filing and cannot meaningfully be redacted." ECF No. 28. The motion does not provide any additional information about the nature of the information to be sealed or cite any legal authority in support. *Id.*

The Defendant's sentencing memorandum argues that the Defendant should receive significant leniency—a sentence of probation when the Guidelines call for a minimum sentence of 24 months' imprisonment. In support of its bid for leniency, the memorandum discusses at length the Defendant's medical history as well as the nature of certain relationships that purport to explain and mitigate her crime. Unlike the redactions at issue in *Harris*, which were not "material" to the defendant's argument, even less comprehensive redactions of the information at issue here would withhold from the public information and argument that the Defendant asserts should be central to this Court's sentence. Presumably, in the Defendant's view,

significant portions of the sentencing hearing itself, as well as the Court's explanation of its sentence, would also need to be sealed.

Yet the Defendant does not offer compelling reasons why her sentencing memorandum or certain portions of it should be restricted from the public. For example, unlike defendants who have cooperated against violent criminals, the Defendant here has not pointed to credible threats of violence should certain information be made public. And with respect to the Defendant's medical information, while it may be appropriate to redact or seal certain specific medical records, the Defendant's effort to restrict any discussion of her specific conditions is undermined by the very caselaw she cites in her brief; for example, the compassionate release cases which publicly discuss the particular medical issues faced by the defendants. *See, e.g.*, *United States v. Hansen*, No. 17-cr-50062, 2020 WL 2219068 at *2 (N.D. Ill. May, 2020) (discussing the defendant's diabetes, hypertension, high cholesterol, kidney disease, and chronic obstructive pulmonary disease).

### III.   Conclusion

Because the Defendant fails to meet her burden to seal her sentencing memorandum, her motion should be denied without prejudice.

Respectfully submitted,

David A. Hubbert
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

_____
Matthew L. Cofer
Trial Attorney
Thomas F. Koelbl
Assistant Chief
U.S. Department of Justice, Tax Division

## CERTIFICATE OF SERVICE

    I hereby certify that on December 6, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record for the defendant.

                                                    Matthew L. Cofer
                                                    Trial Attorney